**No. 49599.**—Protest 108833–K of A. Judson Murray & Co. (New York).

Opinion by WALKER, J. It was stipulated that the hides are similar to those involved in *Rice* v. *United States* (11 Cust. Ct. 118, C. D. 807). The protest was therefore sustained as to those hides entered for consumption or withdrawn from warehouse for consumption on or after the effective date of said trade agreement

**No. 49600.**—Protest 69028–K of Goodwin Johnson (Los Angeles).

Opinion by WALKER, J. In view of *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247) the merchandise was held not classifiable under paragraph 5. The evidence indicated that the merchandise consists of 98 percent precipitated chalk to which 2 percent of calcium stearate has been added, the latter being added, apparently, according to one of plaintiff's witnesses on cross-examination, in order to cause the precipitated chalk to remain in suspension in a water solution longer than otherwise. Plaintiff offered evidence to show that the principal uses of precipitated chalk were as a cheap filler, as in talcum powder and rubber goods, and as a mild abrasive, as in toothpaste, and that such were the uses of the merchandise at bar. Plaintiff cited *Mawer* v. *United States* (7 Ct. Cust.Appls. 493, T. D. 37108), *Klipstein* v. *United States* (4 id. 510, T. D. 33936), *Schaefer Alkaloid Works* v. *United States* (7 id. 128, T. D. 36455), and *Caulk* v. *United States* (T. D. 47397). The court was of opinion that while the merchandise may have been advanced in value or condition by reason of the addition thereto of calcium stearate, there has been no manufacture or change effected by such an addition into a new article and that the merchandise is still, in fact, precipitated chalk. The claim that it is dutiable under paragraph 20, as amended, was therefore sustained.